J-S21012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RAHEEM NASIR JOHNSON :
:
Appellant : No. 471 EDA 2023

Appeal from the PCRA Order Entered January 18, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0004848-2002

BEFORE: LAZARUS, P.J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY LAZARUS, P.J.: **FILED SEPTEMBER 5, 2024**

Raheem Nasir Johnson appeals from the order, entered in the Court of Common Pleas of Delaware County, dismissing as untimely his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Following the October 29, 2000 shooting deaths of Juan Perez and Jose Perez, a jury convicted Johnson of two counts each of first-degree murder, aggravated assault, and recklessly endangering another person (REAP) and one count of possession of an instrument of crime (PIC). The Commonwealth sought the death penalty, however, the jury was unable to reach a unanimous decision regarding Johnson's sentence and the trial court imposed consecutive terms of life imprisonment for the murder convictions. The court also imposed a consecutive term of one to five years' incarceration for PIC, but no additional penalty for the aggravated assault and REAP convictions. On January 17,

2007, this Court affirmed Johnson's judgment of sentence. *See Commonwealth v. Johnson*, 919 A.2d 972 (Pa. Super. 2007). On August 10, 2007, our Supreme Court denied further review. *See id.*, 929 A.2d 644 (Pa. 2007).

Johnson filed a timely PCRA petition, which was denied. On appeal, this Court affirmed. *See id.*, 954 EDA 2015 (Pa. Super. filed Oct. 7, 2016) (unpublished memorandum decision). The Pennsylvania Supreme Court denied allowance of appeal. *See id.*, 169 A.3d 543 (Pa. 2017) (Table).

Johnson's judgment of sentence became final for purposes of the PCRA on November 8, 2007, ninety days after the Pennsylvania Supreme Court denied Johnson's petition for allowance of appeal. *See* 42 Pa.C.S.A. § 9545(b)(3); Sup. Ct. R. 13. Johnson filed the instant PCRA petition, his second, on September 18, 2017. Following appointment of counsel, the filing of several amended petitions, and an evidentiary hearing held on March 6, 2020, the PCRA court dismissed Johnson's petition as untimely. *See* Order, 1/18/23. Johnson filed this timely appeal.

Instantly, Johnson has failed to include in his brief a statement of questions involved in violation of our rules of court. *See* Pa.R.A.P. 2116 ("The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail. . . . **No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby**.") (emphasis added). Rule 2116(a) "is to be considered in the highest degree

mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby." *Wirth v. Commonwealth*, 95 A.3d 822, 858 (Pa. 2014) (quoting *Commonwealth v. Miller*, 424 A.2d 531, 533 (Pa. Super. 1981)). *See also* Pa.R.A.P. 2101 ("Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed."). However, in the interests of judicial economy, and because we can discern Johnson's claims from his arguments on appeal, we will address his claim that the PCRA court erred in dismissing his second PCRA petition as untimely. We disagree.

The timeliness of a PCRA petition is a threshold jurisdictional question. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014); *see also Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating "no court has jurisdiction to hear an untimely PCRA petition"). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.A. § 9545(b)(1)." *Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such

review.  ***See id.*** at 17.

As stated above, Johnson filed his petition almost ten years after his judgment of sentence became final. His petition, therefore, is patently untimely.  However, courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).  Since his petition was filed prior to December 2017, **Johnson had to file his petition within 60 days of the date the claim could have first been presented**.  ***See*** 42 Pa.C.S.A. § 9545(b)(2).[1]  It is the petitioner's "burden to allege and prove that one of the

---

[1] Effective December 24, 2018, the legislature amended Subsection 9545(b)(2) to increase the time limit from 60 days to one year.  Act 2018, Oct. 24, P.L. 894, No. 146, § 3.  Because Johnson filed his second PCRA petition on September 28, 2017, this amendment does not apply.  ***See*** ***Commonwealth v. Fear***, 250 A.3d 1180, 1183-1184, 1191, 1199-1200 n.12 (Pa. 2021) (holding that, when initial PCRA petition is filed prior to December
*(Footnote Continued Next Page)*

timeliness exceptions applies." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted).

Here, Johnson argues the application of the newly-discovered facts exception. Specifically, he claims that one of two eyewitnesses, Shante Powell, lied during her trial testimony and was paid to do so by the Commonwealth. Johnson also includes in his petition an affidavit, dated September 13, 2017, from Powell's sister, Makita Hackett, stating Johnson was not present on the night of the murders. **See** *Pro Se* PCRA Petition, 9/18/17, Attachment D; Amended PCRA Petition, 11/28/17. Further, Johnson claims that a fellow inmate at Chester County Prison, Brian Doukas, who testified that Johnson admitted to the murders, recanted his testimony and now states he was coerced into testifying against Johnson. Johnson includes in his petition an affidavit from Doukas stating as much. **See** *Pro Se* PCRA Petition, ***supra***, Attachment E. Finally, Johnson claims new witnesses have come forward and would identify someone other than Johnson who committed the murders. **See** *Pro Se* PCRA Petition, ***supra*** at 3-4; Amended PCRA Petition, 11/28/17. Johnson contends the foregoing is newly-discovered evidence and, therefore, the PCRA court erred in dismissing his petition as untimely.

---

24, 2017, filing of amended or supplemental PCRA petition after December 24, 2017, does not extend time period within which to assert claim for collateral relief for purposes of 42 Pa.C.S.A. § 9545(b)(2)).

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its decision is free of legal error. ***Commonwealth v. Brown***, 196 A.3d 130, 150 (Pa. 2018). "When supported by the record, the PCRA court's credibility determinations are binding on this Court, but we apply a *de novo* standard of review to the PCRA court's legal conclusions." ***Id.*** It is the petitioner's burden to convince this Court that the PCRA court's ruling was erroneous or unsupported by the record. ***Commonwealth v. Wrecks***, 931 A.2d 717, 722 (Pa. Super. 2007).

To establish the newly-discovered fact exception to the PCRA time bar, a petitioner must demonstrate that he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015). Due diligence requires that the petitioner take reasonable steps to protect his own interests. ***Id.*** A petitioner must explain why he could not have learned these "new facts" earlier with the exercise of due diligence. ***Id.*** The focus of this exception is on newly- discovered facts, not on newly-discovered or newly-willing sources that merely corroborate known facts or previously raised claims. ***Id.***

First, with respect to his claim that eyewitness Shante Powell lied during her trial testimony, Johnson has failed to attach to his PCRA petition a statement or affidavit from Powell recanting her testimony, nor did he present her as a witness at the March 6, 2020 evidentiary hearing. Accordingly, there is no support for this claim.

Next, we address Johnson's claim regarding the affidavit of Powell's sister, Makita Hackett, which stated Johnson was not present on the night of the murders. Hackett, who was 13 years old at the time of the murders, and age 33 at the time of the hearing, testified that she saw a man named Darren, nicknamed "Beefy," arguing with two visibly drunk men and that she saw Darren shoot one of the men. *See* N.T. Evidentiary Hearing, 3/6/2020, at 22. Hackett was not interviewed at the time of the murders, and, in response to the Commonwealth's question as to why she did not come forward prior to the September 2017 affidavit, Hackett stated: "Because it was my sister [Shante Powell who] wound up being involved[.]" *Id.* at 25. Although that response was not entirely clear, Hackett did affirm that everything she said in her affidavit was true. *Id.* at 26. She also testified that she could not recall what the two drunk men looked like, just that they were tall, because "[i]t was dark." *Id.* Hackett's affidavit was admitted into evidence at the PCRA hearing. *Id.* at 34, 70.

On cross-examination, Hackett acknowledged that in 2017, before she executed the September 13, 2017 affidavit, she had visited Johnson in prison on nine occasions, and twice after that date. *Id.* at 43. The assistant district attorney questioned Hackett regarding the following messages she had sent to Johnson via the prison email messaging system:

> Q: So your message was ["]hey, handsome, hope this is a good surprise, my apologies earlier.["] You described your meeting and then down by the bottom you say, ["]my love, my life, my husband.["] Is that your message there?

A:  Yes, that's my message.

Q:  And when it says ["]I'm sleeping with our picture, so I'll be sleeping with you four nights a week, more than with my husband. You already have me, Heemy.["]  That's referring to Mr. Johnson.  Correct?

A:  Yes.

Q: ["]I really love you. I'm not going anywhere.  I'm here until the end.  I'll continue to prove it to you.  I will not hurt you.  All the love you give me, I'll give back to you.  I'll be loyal, already I am being loyal.  My situation, I can't wait until we spend the night together and we wake up to each other.  Can we wait at least a year or two before we have a baby, so we can spend time with each other. . . . I'm sitting here at work looking at our pictures. There's a spark in your left eye.  **I'm here to set you free, Raheem**.  The universe has done a full circle in my life.  [A]s stated before, you were the last piece.  **My apologies it took so long**.  Your life has been taken from you and I can never repay you for that. **Just know I'm genuine and serious about coming forward with the truth that will set you free**.["]. . . **So on June 24, 2017, you're already telling him that you're going to help him get out and set him free.  Correct?**

A:  Because I finally felt that I was okay with coming forward so –[] I told him that I was going to get my – [] **yeah, I was going to come forward.**

*Id.* at 45-46, 49-50 (emphasis added).  On July 2, 2019, Hackett messaged Johnson, stating, "Don't worry and you'll be out soon." *Id.* at 56.  Hackett acknowledged that Johnson was telling her in June and July of 2017 to contact the investigator from the Innocence Project.

Q: Down at the bottom, this is [Johnson] telling you, ["]plus I want you to contact Theodore Tanksi, Attorney for the Innocen[ce] Project or better yet, inform Zach Stern[,"]  and it gives the date, identifies him as an investigator. ["]Let him know what you know and what you've known all these years that you've always been afraid to tell["].

***Id.*** at 59.

Thus, Johnson was aware of this information as early as June 23 or 24 of 2017, and did not file his PCRA petition until September 18, 2017, beyond the 60-day time requirement. ***See*** 42 Pa.C.S.A. § 9545(b)(2). Johnson's claim that it is the date of Hackett's affidavit, September 13, 2017, from which the 60 days should be measured, is meritless. Rather, we agree with the Commonwealth that it was the date that Johnson allegedly became aware of Hackett's information, June 23 or 24 of 2017, that triggered the 60-day filing requirement. Johnson, therefore, has failed to meet his burden of proving the newly-discovered evidence exception applies to Hackett's statement. ***See Albrecht***, ***supra***. ***See also Commonwealth v. Natividad***, 200 A.3d 11, 28 (Pa. 2019) (finding appellant failed to comply with 60-day filing requirement, even though he filed petition within 60 days of date investigator secured favorable affidavit from witness; "it was the [prior] disclosure of [a] note that formed the basis of appellant's [PCRA] claim.").

Next, Johnson claims Doukas, who testified at trial that in August or September 2002, Johnson admitted to the murders, now recants his testimony and states he was coerced into testifying against Johnson. Johnson attached Doukas' written statement, dated July 26, 2017, to his *pro se* PCRA petition. ***See*** *Pro Se* PCRA Petition, ***supra***, Attachment E. However, Doukas refused to testify at the March 6, 2020 PCRA hearing, invoking his Fifth Amendment rights against self-incrimination. Johnson seeks another hearing, despite the fact that none of his subsequent filings indicates that Doukas is available and

willing to testify. Nothing in the record suggests that Doukas will cooperate and testify on Johnson's behalf. Thus, no relief is due. **See** 42 Pa.C.S.A. § 9545(d)(1)(i); **see also Commonwealth v. Castro**, 93 A.3d 818, 825 (Pa. 2014) ("the proposed new evidence must be producible and admissible").

Finally, Johnson claims three new witnesses—James Armstrong, Hamean Caroll, and Christopher Lopez—all fellow inmates of Johnson and Doukas, stated that Doukas had admitted to each of them that he lied about Johnson's involvement in the murders. The statements, dated July 9, 2022, June 2, 2021, and May 7, 2022, respectively, were attached to Johnson's amended PCRA petitions. **See** Amended PCRA Petition, 4/8/22, Exhibits 1 and 2; Amended PCRA Petition, 5/23/22, Exhibit 3. As Johnson acknowledged at the status hearing on October 20, 2022, these statements alone were "not a basis for an evidentiary hearing," much less "a basis for relief," but were presented solely to corroborate Doukas' recantation. N.T. 10/20/22, at 221. However, because Doukas did not testify with respect to his recantation, these statements are futile.

We find no error in the PCRA court's order dismissing Johnson's second PCRA petition. **Brown**, **supra**; **Wrecks**, **supra**. Accordingly, we affirm.

Order affirmed.

- 10 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/05/2024